

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00146-CR

_____

ROBERT WESLEY PRESTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd Judicial District Court
Henderson County, Texas
Trial Court No. C-16,768

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Robert Wesley Preston appeals his conviction for possession of methamphetamine, four grams or more, but less than 200 grams.[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2010). The State agreed to abandon another count charging possession with intent to deliver the same amount of methamphetamine, a first degree felony,[2] and two enhancement paragraphs.[3] The trial court sentenced Preston to seventeen years' imprisonment.

Preston's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail; counsel goes on to suggest three possible appellate points, and why those points would not be successful. We agree with counsel's research and interpretation of the record and applicable law. Specifically: The record establishes Preston pled guilty to a second degree felony offense knowingly and voluntarily,[4] so it could not be said the trial court abused its discretion in finding Preston guilty. Evidence Preston was in possession of methamphetamine a few months after the charged offense, while he was free on bond for that offense, was admissible

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon 2010).

[3] *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2010).

[4] Based on statements and arguments by his attorney, Preston's strategy was to get the trial court to place Preston on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3 (Vernon Supp. 2010).

as punishment evidence.[5]  *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2010).  Finally, counsel points out there is sufficient evidence in the record supporting a finding of guilt beyond a reasonable doubt.  In addition to Preston's plea of guilty, there is a signed stipulation of evidence and judicial confession and waiver of right to jury trial; and the offense report describing the laboratory and drugs found was admitted as evidence.

Counsel has provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.  This meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).  Additionally, this Court has reviewed the record and finds no reversible error.  *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–827 (Tex. Crim. App. 2005).

Counsel mailed a copy of the brief to Preston on January 28, 2011, informing Preston of his right to file a pro se response and of his right to review the record.   Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.  Preston has filed no pro se response.

---

[5]The deputy at the scene on the day of the extraneous offense identified Preston as one of the men who ran from the deputy; a rock of methamphetamine was found on the ground along the route the men ran.   This incident occurred on Preston's property, the same location where he had earlier been found present in the midst of a methamphetamine laboratory (which incident was the basis of the second degree felony to which Preston pled guilty, i.e., the instant offense).

Having found no genuinely arguable issue for appellate review, we find the appeal to be frivolous. Consequently, we affirm the judgment of the trial court.[6]


Jack Carter
Justice

Date Submitted:    May 16, 2011
Date Decided:    May 18, 2011

Do Not Publish

---

[6]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.